IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. THOMAS,<br><br>    Plaintiff,<br><br>  v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>    Defendants.<br>_____/ | No. C 11-04420 JSW<br><br>**ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER** |

    Now before the Court for consideration is the *ex parte* application for a temporary restraining order ("TRO") filed by Plaintiff David A. Thomas ("Plaintiff"). The Court has considered the Plaintiff's papers, relevant legal authority, and the record in this case, and it finds the matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). For the reasons set forth in the remainder of this Order, Plaintiff's application is DENIED.

    Plaintiff seeks to have this Court enjoin the unlawful detainer action currently pending in state court. In the action before this Court, Plaintiff seeks to cancel the instruments relating to Defendants' foreclosure on the property at issue and to set aside the trustee sale. In addition, Plaintiff brings a claim for wrongful foreclosure, an accounting and for declaratory relief. Upon a motion to dismiss filed by Defendant Wells Fargo Bank, N.A ("Wells Fargo"), as the successor in interest to Wachovia Mortgage FSB, the Court dismissed Plaintiff's claims with leave to amend. Wells Fargo argued, and the Court agreed, that all of Plaintiff's claims were preempted by the Home Owners Loan Act ("HOLA"). The Court noted that Plaintiff's claims were all premised on his contention that Wells Fargo was not the lender or beneficiary of the

loan because its predecessor, Wachovia, sold the note into a mortgage backed securities pool. Such claims are preempted by HOLA because they fall squarely within the specific preemption of state claims that deal with "investment" in mortgages as set forth in the regulations promulgated under HOLA in 12 C.F.R. § 560.2(b)(10).

Although the Court provided Plaintiff with leave to amend to allege claims which are not preempted by HOLA, Plaintiff's claims are still premised on his contention that Wells Fargo was not the lender or beneficiary of the loan because its predecessor, Wachovia, sold the note into a mortgage backed securities pool. Accordingly, Plaintiff's claims still appear to be preempted.

In order to obtain a temporary restraining order or preliminary injunctive relief, Plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 129 S. Ct. 365, 374 (2008) (citations omitted). The *Winter* court also noted that because injunctive relief is "an extraordinary remedy," it "may only be awarded upon a clear showing that the plaintiff is entitled to such relief." 129 S.Ct. at 375-76 (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (*per curiam*)). Thus "[i]n each case, courts 'must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.'" *Id*. at 376 (citing *Amoco Production Co. v. Gambell*, 480 U.S. 531, 542 (1987)). On an ex parte motion for a TRO, the moving plaintiff must allege "specific facts in an affidavit or a verified complaint clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. Proc. 65(b)(1)(A).

Following *Winter*, courts in the Ninth Circuit may apply a sliding scale test when there is a lesser showing of likelihood of success that amount to "serious questions on the merits" and the balance of hardships tips strongly in the plaintiff's favor, as long as the plaintiff satisfies the other two prongs under *Winter* by showing that there is a likelihood of irreparable injury and

2

Case3:11-cv-04420-JSW Document39 Filed03/28/12 Page3 of 4

that the injunction is in the public interest. *Alliance For The Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134 (9th Cir. 2011).

Because all of Plaintiff's claims against Wells Fargo appear to be preempted, Plaintiff has not demonstrated a likelihood of success on the merits. Moreover, even if Plaintiff had demonstrated a likelihood of success on the merits, the Court is precluded from issuing his requested TRO for another, independent reason. Pursuant to the Anti-Injunction Act, a federal court "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. "The limitations expressed in the Anti-Injunction Act 'rest[] on the fundamental constitutional independence of the States and their courts,' *Atlantic Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970), and reflect 'Congress' considered judgment as to how to balance the tensions inherent in such a system,' *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 146 (1988)." *Sandpiper Village Condo. Ass'n v. Louisiana-Pacific Corp.*, 428 F.3d 831, 842 (9th Cir. 2005). "[T]he Act is designed to prevent friction between federal and state courts by barring federal intervention in all but he narrowest of circumstances." *Id.* Although there are exceptions to the Anti-Injunction Act, "the court cannot discern ... how the request to simply stay the unlawful detainer action falls into one of the exceptions listed in the Act." *Sato v. Wachovia Mortgage, FSB*, 2012 WL 368423, *2 (N.D. Cal. Feb. 3, 2012). Accordingly, the Court DENIES Plaintiff's application for a TRO.

**IT IS SO ORDERED.**

Dated: March 28, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

THOMAS et al,

    Plaintiff,

  v.

WELLS FARGO BANK, N.A. et al,

    Defendant.

Case Number: CV11-04420 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 28, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

David A. Thomas
19500 Mount Jasper Drive
Castro Valley, CA 94552

Dated: March 28, 2012

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk